UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT A. HOREL,<br><br>    Respondent. | 1:08-cv-01658-OWW-JMD-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Justin Lomako ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

Petitioner is a state prisoner serving a term of eight years and five months pursuant to his conviction for attempted voluntary manslaughter with great bodily injury and firearm enhancements. (Answer, Ex. 5 at 3).

In 2007, Petitioner filed a petition for writ of habeas corpus in Fresno County Superior Court alleging that he was denied his due process rights in connection with a prison disciplinary hearing in 2005. (Answer, Ex. 1). The Superior Court denied the petition due to Petitioner's failure to exhaust administrative remedies. (Id.).

Petitioner filed a second state habeas petition on February 8, 2008 after exhausting his administrative remedies. (Answer, Ex. 2). The Superior Court denied the petition on the merits. (Id.) Petitioner filed a third state habeas petition which was denied as successive. (Answer, Ex. 4).

Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The California Supreme Court summarily denied the petition on September 24, 2008. (Answer, Ex. 6).

**Factual Background**

Petitioner does not challenge his conviction or sentence in this action. Rather, Petitioner contends that he was denied his due process rights in connection with a prison disciplinary hearing conducted in December of 2005. Accordingly, the factual background relevant to the instant action concerns the process afforded to Petitioner in connection with his 2005 disciplinary hearing.

According to the complaining officer, Petitioner attempted to slam his cell door on the officer during an inspection for contraband. (Answer, Ex. 1 at 72). Petitioner subsequently pled not guilty to a rules violation report concerning the incident and received a hearing before a Senior Hearing Officer on December 26, 2005. (Id.). Petitioner was given notice of the hearing and was informed of the evidence upon which his charge was based. (Id). Petitioner did not testify at his hearing but did call one witness, inmate Plitt. (Id. at 73). Plitt testified " I didn't see what took place prior to the incident. All I witnessed was an officer turn [Petitioner] around, causing [Petitioner] to strike his head on the locker. That was all I saw as I walked by." (Id. at 78). The Senior Hearing officer found Petitioner guilty of the offense and assessed a credit forfeiture of one-hundred and fifty days. (Id. at 72). Petitioner was advised of his right to appeal. (Id.).

**Discussion**

**I.    Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[1] 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375, n.7 (2000). As Petitioner asserts that he has been denied due process of

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

law in violation of rights under the United States Constitution, and because Petitioner alleges that the constitutional deprivation will prolong his custody, the Court has jurisdiction to entertain Petitioner's petition. *See id.*[2]

Ordinarily, venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody. *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) (discussing immediate physical custodian rule). At the time Petitioner filed the instant petition, he was incarcerated at Pelican Bay State Prison in Crescent City, California, which is within the jurisdiction of the Northern District of California. Accordingly, Petitioner should have filed this action in the Northern District. While Respondent's answer points out that Petitioner has named an improper party as respondent, Respondent does not ask the Court to dismiss the petition for lack of jurisdiction or improper venue. (Answer at 1-3). Because the immediate physical custodian rule is subject to waiver, and because the Court finds that the petition must be denied, judicial economy favors disposing of this action without transfer. *See Padilla*, 542 U.S. at 452-53 (Kennedy, J., concurring) (stating that the immediate custodian and territorial-jurisdiction rules for 2241 actions are akin to personal jurisdiction or venue rules) *accord Mujahid v. Daniels*, 413 F.3d 991, 994 n.2 (9th Cir. 2005) (citing Justice Kennedy's position with approval).

**II.     Standard of Review**

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its

---

[2] It appears Petitioner has been released from Pelican Bay. (See Doc. 15, Change of Address ).

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). State courts' factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

**III.     Petitioner's Due Process Claim**

Due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits. *E.g., Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 444 (1985). Where a prison disciplinary hearing may result in the loss of good time credits, an the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 445 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Petitioner's sole claim is that prison officials denied him the opportunity to call a witness in his defense during a disciplinary hearing which resulted in the loss of one-hundred fifty days credit. (Pet. at 4).

The Court must look through the California Supreme Court's summary denial of Petitioner's claim to the only reasoned decision provided by the State. *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991). The last reasoned decision on Petitioner's claim is the Superior Court's order dated March 20, 2008 denying Petitioner's state habeas petition on the merits. (Answer, Ex. 2). The Superior Court determined that the evidence before it established that Petitioner was in fact permitted to call a witness at his hearing. (Id.). The Superior Court's factual finding that Petitioner called a witness at his disciplinary hearing is presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner presents no evidence to the contrary.

The record reveals that Petitioner did in fact call a witness, inmate Plitt, at his disciplinary hearing. Exhibit C of Petitioner's petition before the Superior Court, appended to Respondent's answer as Exhibit 1 in this action, is the Rules Violation Report issued to Petitioner in connection with the November 2005 incident. (Answer, Ex. 1 at 70-79). The report states that Petitioner called

Plitt as a witness at his hearing. (Id. at 73). After hearing Plitt's statement, the Senior Hearing Officer dismissed Plitt because, according to Plitt's own statement, Plitt did not witness the events relevant to Petitioner's defense. (Id.). Petitoiner's defense was that he did not see the correctional officer standing in the doorway and did not intend to slam the door on him. (Id.). The Superior Court evaluated the Rules Violation Report and determined it was credible evidence sufficient to defeat Petitioner's conclusory allegation that he was not permitted to call a witness. (*See* Answer, Ex. 2).

Petitioner fails to provide clear and convincing evidence that the Superior Court's finding, that Petitioner called a witness at his disciplinary hearing, was erroneous. Accordingly, the Court may not disturb the Superior Court's factual determination. 28 U.S.C. § 2254(e)(1) (establishing clear and convincing evidence standard). In light of the record, the Court cannot say that the Superior Court's denial of Petitioner's due process claim was objectively unreasonable, and therefore Petitioner is not entitled to relief. *Lockyer*, 538 U.S. at 75.

## **RECOMMENDATION**

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

2  **Dated:    March 1, 2010**                    **/s/ John M. Dixon**
                                                  UNITED STATES MAGISTRATE JUDGE